

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. J. Townsend
County Attorney
Angeline County
Lufkin, Texas

Opinion No. O-7541

Re: Where work on a public road
is to be paid for by the
property owners, should the
payment be made direct or
should the money be de-
posited to the Road and
Bridge Fund of the County
Treasury and paid out in
the usual manner?

Dear Sir:

We are in receipt of your request for an opinion
of December 2, 1946. We quote the pertinent parts of
the letter which you enclosed to us from Honorable W. L.
Evans, County Judge, Angelina County, Texas, as follows:

"Several months ago, in Precinct No. 1,
Angelina County, Texas, the road and bridge
fund was depleted and the County Commissioner
was unable to carry on the usual and ordinary
work on the county roads in the precinct.

"On one of these public roads, the property
owners advised the Commissioners' Court that
they were willing to put up sufficient money
for the work. This was agreed to by the Com-
missioners' Court and the County Commissioner
took his equipment and did the work on this
public road.

"The property owners are willing to pay
for the cost of the work, but the question is
how should the payment be made. Should the
money be deposited in the County Treasury to
Road and Bridge Fund of Precinct No. 1 and

paid out upon claims approved by the Com-
missioners' Court and the County Auditor in
the usual manner, or would the property owners
be authorized to pay the money direct to the
persons furnishing the labor and material
necessary for the work?"

There can be no question but what the county is
required and authorized to maintain the county roads within
the county.

Under the Texas Constitution, Article XI, counties
are municipal corporations and political subdivisions of
the State. City of Abilene vs. State, 113 S. W. (2d) 631,
error dismissed.

Under their general powers "to acquire and hold
property", it has been held that a municipal corporation
may accept a gift of money from the United States govern-
ment. Iowa-Southern Utilities Company vs. Lamoni, 11 Fed.
Sup. 581.

In the case of State Ex Rel Melrose Sewer District
vs. Smith, 120 S. W. (2d) 1102, it was held that a sewer
district could accept donations such as federal grants which
would enable them to construct a system costing more than
its debt limit.

It is our opinion that it would not be improper
for the Commissioners' Court to accept the contribution of
the property owners along a public road to be used for the
repair of the county road pursuant to an agreement between
the property owners and the county.

However, all expenditures of county funds by the
Commissioners' Court is governed by the budget law as set
forth in Article 69a-11, V.A.C.S., which provides in part
as follows:

"When the budget has been finally approved
by the Commissioners' Court, the budget, as
approved by the Court, shall be filed with the
Clerk of the County Court, and taxes levied only
in accordance therewith and no expenditure of
the funds of the county shall thereafter be made
except in strict compliance with the budget as
adopted by the Court. Except that emergency ex-
penditures, in case of grave public necessity, to
meet unusual and unforeseen conditions which could
not, by reasonably diligent thought and attention,

Honorable W. J. Townsend - Page 3

have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget."

We suggest the proper way to handle the proposed donation or contribution is to have the property owners tender their contributions to the Commissioners' Court for the sole purpose of paying the necessary expenses for the usual and ordinary work on said county roads and to expend the monies in accordance with the trust agreement. The money should be deposited in the county treasury to the credit of a trust fund which may be called "Special Road Trust Fund for Precinct No. 1". The County Treasurer would then draw on this trust fund from the County Depository under the order of the Commissioners' Court as the expenses occurred.

Since the amount contributed is not derived from taxes, the expenditures by the county under the plan suggested will be in strict compliance with the budget and the law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Jno. C. Knorpp
Assistant

ATTORNEY GENERAL OF TEXAS

JCK:jt